# Exhibit 2

## LAST CHANCE AGREEMENT

This LAST CHANCE AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is being entered into voluntarily, knowingly and willingly by and between LOCAL UNION NO. 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 3 (the "UNION"), DADUL MAHARAJ ("MAHARAJ"),  and TIME WARNER CABLE NEW YORK CITY LLC (the "EMPLOYER") (collectively referred to as "the PARTIES").

In order for MAHARAJ to remain employed by the EMPLOYER, and in the interest of compromising the UNION's and MAHARAJ's claims, as well as resolving all outstanding issues between the Parties with respect to MAHARAJ's employment, the Parties agree to the following:

On September 24, 2013, MAHARAJ was suspended for five days and issued a final written warning for refusing to attend a meeting with management and instead performing work, in order to avoid the meeting, without being authorized or dispatched to perform the work.  MAHARAJ was notified that if he repeated this infraction again, his employment would be terminated.

On October 8, 2013, the UNION filed a grievance on MAHARAJ's behalf, alleging that the EMPLOYER did not have just cause for the disciplinary action.  The UNION has filed for arbitration concerning that grievance.

On October 31, 2013, MAHARAJ refused to perform a work assignment given to him by the EMPLOYER and instead decided, without authorization, to perform work for a residential customer.

The EMPLOYER has decided to terminate MAHARAJ's employment because he committed the same infraction for which he received a final written warning, refusing a management directive and performing customer work he was not assigned.

The EMPLOYER is offering to continue MAHARAJ's employment on a final written warning, subject to MAHARAJ's and the UNION's agreement to the following:

1.      **Just Cause for the five day suspension.**  MAHARAJ and the UNION agree that the EMPLOYER had just cause to suspend MAHARAJ for five days based on his conduct on September 24, 2013, and MAHARAJ and the UNION agree to withdraw the pending grievance concerning the five day suspension with prejudice.

2.      **Just Cause for termination.**  MAHARAJ and the UNION agree that the EMPLOYER has just cause to terminate MAHARAJ's employment based on his conduct on October 31, 2013.  MAHARAJ further agrees that if there is any recurrence of the type of conduct that are the subject of the five day suspension and the proposed termination that the EMPLOYER will have just cause to terminate MAHARAJ's employment.  In the event the UNION shall grieve and/or arbitrate any such termination the sole issue shall be whether the conduct occurred and, if so, the arbitrator shall be compelled to sustain the termination.

3.      **Respectful Communications.**  MAHARAJ agrees that he shall be respectful in his communications with EMPLOYER management, human resources and co-workers.  He further agrees that he shall follow appropriate procedures when communicating his concerns about workplace issues.

4.      **General Release of Claims.**

a.      MAHARAJ hereby settles with, compromises, releases, remits, acquits, discharges, and reaches accord and satisfaction upon any and all claims, demands, causes of action, remedies, obligations, damages, and liabilities which he had, whether known or unknown, against the

EMPLOYER arising at any point in the past, up to the date and time when MAHARAJ signs this Agreement. This release specifically includes, but is not limited to, any claims for back pay, front pay, overtime pay, liquidated damages or punitive damages arising out of MAHARAJ's employment by the EMPLOYER. This release is not meant to be a waiver of any rights MAHARAJ has in any vested pension or welfare benefit plans as a result of her employment.

b.  MAHARAJ further unconditionally releases, discharges, and holds harmless the EMPLOYER from each and every claim, cause of action, right, liability or demand of any kind and nature in existence at the time this Agreement is executed, and from any claims which may be derived therefrom, that MAHARAJ had, has, or might claim to have against the EMPLOYER, including but not limited to any and all claims:

    (i)  arising from MAHARAJ's employment and other terms and conditions of his employment relationship with the EMPLOYER;

    (ii)  relating to any workplace injuries or workers' compensation claims;

    (iii)  based on any contract, tort, whistleblower, or wrongful discharge theory;

    (iv)  based on any claims for compensation, wages, bonuses or benefits;

    (v)  based on discrimination on the basis of race, color, religion, sex, national origin, handicap, disability, age or any other category protected by law under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Rehabilitation Act of 1973, the Employee Retirement Income Security Act, the Fair Labor Standards Act (including the Equal Pay Act), the Family and Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Law, the New Jersey Law Against Discrimination, and any other applicable federal, state, or local anti-discrimination or employment laws; and,

    (vi)  based on any other federal, state or local constitution, regulation, law (statutory or common), or legal theory.

**5.**  The UNION agrees that it will not file any of the above referenced claims on behalf of MAHARAJ.

**6.**  **Governing Law.**  This Agreement is made and entered into in the State of New York and will in all material respects be interpreted, enforced, and governed under the laws of said state.

**7.**  **Facsimile Signatures**.  Facsimile or electronically transmitted signatures shall be treated as original signatures for all purposes.

**IBEW LOCAL UNION NO. 3**       **DADUL MAHARAJ**

*By:* _____

*Date:*_____      *Date:*_____

**TIME WARNER CABLE NEW YORK CITY LLC**

*By:* _____

*Date:* _____

3