<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DADUL MAHARAJ,<br><br>    *Plaintiff*,<br> v.<br><br>TIME WARNER CABLE, INC. and CONNIE CILIBERTI,<br><br>    *Defendants*. | Civ. No. 13-6945 (KSH) (CLW)<br><br><u>**OPINION AND ORDER**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I. <u>Introduction</u>**

  Plaintiff Dadul Maharaj ("Maharaj") has sued his former employer, Time Warner Cable ("Time Warner"), and the company's Vice President of Human Resources, Connie Ciliberti ("Ciliberti"), alleging that during his employment he was harassed and discriminated against for his race, national origin, and religion. [D.E. 1]. He also alleges that Time Warner failed to accommodate his religious beliefs and that he was retaliated against for testifying in a separate discrimination suit against Time Warner and for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). [Id. at 7]. Defendants now move to dismiss the complaint. [D.E. 19].

**II. <u>Background</u>**

  From May, 2001 until December, 2013, Maharaj worked for Time Warner as a Service Technician in the company's Bergen County, New Jersey office. [Compl. ¶¶ 9, 35]. Maharaj is Indian American and a practicing Hindu. [Compl. ¶ 7]. He contends that during his tenure at Time Warner, he was discriminated against and targeted because of his race and background, and

that he was treated differently from his white peers. [Compl. ¶¶ 26, 34, 52]. Maharaj claims that he was repeatedly passed over for promotion [Compl. ¶ 28], not granted the same training opportunities as others, subjected to "unfounded criticism, write-ups, meetings, and harassment not otherwise leveled and directed at white employees [Compl. ¶ 53], subjected to jokes about individuals from India [Compl. ¶ 29], and "isolate[d]" as the only Business Class service technician in Bergen County. [Compl. ¶ 35]. Maharaj also alleges that he was not given accommodation for his religious practices, including not being given off one day during the week for spiritual practice. [Compl. ¶ 39]. He says that the accommodation was denied because of his Hindu faith, or as retaliation, but not for any legitimate business need. [Id]. In January, 2012, Maharaj testified against Time Warner in *Castillo v. Time Warner Cable*, a federal lawsuit filed by Time Warner employees asserting claims for race and national origin discrimination. [Compl. ¶ 16; D.E. 28-1]. Maharaj says that following his testimony in the *Castillo* case, the defendants "actively retaliated" against him. [Compl. ¶ 21].

In November, the complaint alleges that defendants called Maharaj into a meeting to discuss a purported violation of company policy [Compl. ¶ 42]: that he had been "self-directing work," or performing services for clients other than those assigned to him. Maharaj says that the true purpose of the meeting was to impress upon him that his complaints of harassment, discrimination and retaliation would not be remedied unless he agreed to release his legal counsel, and refrain from litigating present claims. [Compl. ¶¶ 44, 46]. Instead, Maharaj filed a complaint with this Court one week later, on November 15, 2013 [D.E. 1], which was later amended in April, 2014, to reflect his December termination. [D.E. 13].

The Amended Complaint ("Complaint") sets forth six counts. In count 1, Maharaj asserts claims for retaliation and discrimination on the basis of religion, race and national origin

2

pursuant to the Civil Rights Act, 42 U.S.C. §1983, and 42 U.S.C. §1981. [Compl. ¶¶ 52-54]. In count 2, Maharaj asserts similar claims of discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000e *et seq*. [Compl. ¶¶ 60-62]. Count 3 is a claim for racial, national origin, and religious discrimination, including a failure to provide a religious accommodation [Compl. ¶¶ 75-77], as well as retaliation, in contravention of the New Jersey Law Against Discrimination ("NJLAD"), NJSA 10:5-1 *et seq*. [Compl. ¶¶ 73-76]. In counts 4 and 5, plaintiff contends that defendants discriminated and retaliated against him in violation of the New York State Human Rights Law ("NYSHRL"), 15 NY Exc. Law §290 *et seq*. [Compl. ¶¶ 81-83], and the New York City Human Rights Law ("NYCHRL"), N.Y. ADC Law §8-107 *et seq*., respectively. [Compl. ¶¶ 86-89]. Count 6 presents a claim for retaliatory discharge under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq*., for Maharaj's internal and external complaints against workplace discrimination. [Compl. ¶¶ 91-93].

On May 19, 2014, defendants Time Warner and Ciliberti moved to dismiss plaintiff's complaint in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. [D.E. 19]. Defendant's motion argues substantively, first, that Maharaj's discrimination claims are "wholly conclusory" and do not show Time Warner's actions were "motivated by discriminatory animus"; second, that his accommodation claims fail because he "fails to plead that he advised Defendants of a religious belief that conflicted with a requirement of his job"; third, that Maharaj's claims for harassment were not so "severe or pervasive" so as to justify an actionable claim; and finally, that Maharaj's retaliation claims are "wholly conclusory" and do not plead any causal connection between his protected activity and the employment actions taken. [Def. Br. at 1-2]. The defendants also raise several procedural issues, including

whether Ciliberti can be individually liable under Title VII, whether religion is a protected class under § 1981, and whether the defendants are liable under § 1983 since they are not state actors. [Def. Br. at 3]. In his opposition, Maharaj concedes these final three points. [Pl. Opp. at 7].

### III. Discussion

#### A. Standard of Review

The Federal Rules require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As interpreted, this language requires complaints to satisfy a "plausibility" standard in order to survive dismissal under Fed. R. Civ. P. 12(b)(6). Thus, complaints must "set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" do not suffice. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court takes as true the factual allegations in the complaint and disregards legal conclusions. *See Fowler*, 578 F.3d at 210-11. Only if those factual allegations permit the Court to infer that defendants are liable for the misconduct Maharaj alleges may his lawsuit proceed beyond the pleading stage. *See Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 234-35 (3d Cir. 2008); *Fowler*, 578 F.3d at 210.

#### B. Maharaj's Title VII and Section 1981 Claims

Counts One and Two allege similar federal claims for racial and national origin discrimination in violation of § 1981 and Title VII respectively. Maharaj claims that he was

denied promotions, retaliated against and otherwise discriminated against because of his Indian heritage and his religion. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Section 1981 prohibits discrimination based on race. 42 U.S.C. §1981. When claiming employment discrimination under § 1981 or Title VII[1], the plaintiff must show that: "(1) he is a member of a protected class, (2) he suffered some form of adverse employment action; and (3) this action occurred under circumstances giving rise to an inference of unlawful discrimination that might occur when nonmembers of the protected class are treated differently." *Miller v. Keystone Blind Ass'n/Tpm*, 547 F. App'x 100, 102 (3d Cir. 2013).

Title VII also prohibits employers from retaliating against "any individual…because he has opposed any…unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). The crux of this retaliation claim rests on whether the plaintiff can show "there was a causal connection between the employee's participation in [a] protected activity and the adverse employment action. *Blakney v. City of Philadelphia*, 559 F. App'x 183, 185 (3d Cir. 2014) (citing *Moore v. City of* Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).)

In his opposition, Maharaj highlights the facts from his complaint that he believes set out the necessary elements of a claim on pages fifteen and sixteen of his opposition. The facts that Maharaj recites, however, amount to "'unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" *Fowler,* 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678). He alleges that he has been "subjected to comments and jokes about individuals from India…from Bill Lissemore, RVP of Technical Operations," [Compl. ¶ 29], but doesn't specify when or how often jokes and comments were made, or the content of the jokes and comments. He further alleges that Ciliberti

---

[1] The standard applied to claims under Title VII and § 1981 is the same. *See Vulcan Pioneers v. City of Newark*, 374 F. App'x 313 (3d Cir. 2010) (applying the *McDonnell* framework to both 42 U.S.C. § 1981 and NJLAD claims).

has "perpetuated the discriminatory culture at [Time Warner], by purposefully singling out Plaintiff for suspension and corrective action[.]" [Compl. ¶ 32]. Maharaj fails to provide any supporting detail beyond the mere assertion that it happened. Maharaj does not even allege that he was singled out *because* of his cultural background.

In a catch-all paragraph in Count One and repeated in Count Two, Maharaj lists examples of the treatment he experienced, which included not being promoted, not being granted the same training opportunities as other employees, hindering his ability to advance in his career, and excessive and unfounded criticism and punishment not leveled at white employees. [Compl. ¶¶ 53, 61]. He also alleges that some of the treatment he received was out of retaliation for his testimony in *Castillo* and for his complaints to management. [Compl. ¶¶ 27, 33, 37, 39, 54, 62].

Each claim suffers from a problem found throughout the complaint, which is that Maharaj intermixes conclusions about motivation, such as that he was "*purposefully* singled out," with factual events, such as that he was written up or suspended. In his opposition, Maharaj stresses that the complaint "alleges specific indicia of discrimination," but as an example of the "specific indicia" states that "Plaintiff was treated dissimilarly from employees outside the protected class." [Pl. Opp. at 17]. This is not a specific claim. Rather, it is an "'unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Fowler,* 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678). He does not specify *how* he was treated differently, or *who* treated him differently, or *when* this dissimilar treatment occurred. In no instance does he provide enough information about the incident to state a plausible claim for discrimination. When the court follows the instructions of *Fowler,* 578 F.3d at 210, and separates the facts from the legal conclusions, the result is a laundry list of accusations, bereft of any specific time or participant with very little information about the context or content of the incident.

This information should already be known to Maharaj, since he experienced most of the treatment first hand. He should be able to recount with some specificity the basic details of the alleged misconduct without any discovery. Without more factual content, the Court cannot draw the reasonable inference that Maharaj was discriminated against because of his race or national origin, and thus cannot find it plausible. See *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (internal citations omitted).

### C. Remaining State Law Claims

In addition to the Title VII and § 1981 claims discussed above, Maharaj raises claims under NJLAD, NYSHRL, NYCHRL, and CEPA. The Court has dismissed all of Maharaj's federal claims, and declines to exercise supplemental jurisdiction over his state law claims outlined in Counts Three, Four, Five and Six. 28 U.S.C. § 1367(c)(3).

### D. Leave to Amend

In his opposition, Maharaj asks for leave to amend his complaint. The Court is not able to conclude at this juncture that amendment would be futile. Accordingly, Maharaj will be afforded 20 days to file an amended complaint. The parties are admonished that any amended complaint would have to provide a basis for the Court to exercise subject matter jurisdiction in order for the case to remain in federal court and any refiling does not foreclose the option for the defendants to file another motion to dismiss.

## IV. Conclusion

**Based on the foregoing analysis,** it is on this 17th day of December, 2014, hereby ordered:

1. Defendant's motion to dismiss the amended complaint [D.E. 19] is granted; that;

2. The Court grants Maharaj leave to file a second amended complaint on or before January 6th, 2015;

3. In the event that Maharaj timely files a Second Amended Complaint, in lieu of an answer, which would otherwise be due on January 24th, 2015, defendants may institute dispositive motion practice governed by a return date of February 18th, 2015, with briefing to be submitted as follows: defendants' moving brief must be filed on or before January 24th, 2015; plaintiff's opposition brief must be filed on or before February 4th, 2015; and defendants' reply brief must be filed on or before February 11th, 2015. Such motion will be decided on the papers unless otherwise instructed by the Court;

/s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J.

Date: December 17, 2015